IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

JEAN MCCULLOUGH,
an individual, on behalf of herself
and all those similarly situated

    Plaintiff,                                         **CLASS REPRESENTATION**

v.

BLUE CROSS AND BLUE SHIELD
OF FLORIDA, INC.,
a Florida corporation.

    Defendant.
_____/

## FIRST AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

Plaintiff Jean McCullough, individually and on behalf of all those similarly situated hereby files this Complaint for declaratory relief and damages against Defendant Blue Cross and Blue Shield of Florida, Inc. In support hereof, Plaintiff states as follows:

### JURISDICTION AND VENUE

1. This is an action involving damages in excess of $30,000.00.

2. Venue is proper pursuant to Section 47.051 of the Florida Statutes, because Defendant Blue Cross and Blue Shield of Florida ("BCBS") is a Florida corporation which keeps an office for transaction of its customary business in Duval County, Florida.

3. Venue is additionally proper as Duval County, Florida is the county where the cause of action accrued.

## PARTIES

4. Jean McCullough is an individual residing in Duval County, Florida.

5. BCBS is a Florida corporation with its principal address at 4800 Deerwood Campus Parkway, Jacksonville, FL 32246.

6. BCBS is an independent licensee of the Blue Cross and Blue Shield Association.

## GENERAL ALLEGATIONS

7. Jean McCullough is an adult female diagnosed with Gastroesophageal Reflux Disease (GERD).

8. GERD is a digestive disorder that affects the lower esophageal sphincter, causing the reflux of gastric contents into the esophagus. Sufferers of GERD may experience heartburn or acid indigestion. In more serious cases, GERD can lead to pathological changes in the esophagus, or esophageal cancer.

9. As such, many diagnosed with GERD are advised to have surgery to minimize acid reflux.

10. Mrs. McCullough suffers from severe GERD and was advised by her licensed physician that surgery to minimize acid reflux was medically necessary.

11. Mrs. McCullough's physician recommended Mrs. McCullough undergo a surgery to receive a magnetic sphincter augmentation device, specifically, the LINX Gastroesophageal Management System (the "LINX system").

12. The LINX system is composed of miniature titanium beads, each with a magnetic core, connected together to form a ring shape. It is implanted at the lower esophageal sphincter and prevents the backward flow of stomach acid or contents.

13. The LINX system is approved by the United States Food and Drug Administration.

14. The LINX system is rated a Category I CPT code by the American Medical Association, meaning that it is consistent with contemporary medical practice, is widely performed, and is documented in medical literature.

15. Mrs. McCullough sought insurance coverage for the LINX system procedure pursuant to her BCBS of Florida Policy, Policy Form Number 19458 0800 CA, which is attached hereto as Exhibit "A."

16. BCBS denied coverage for the LINX procedure, calling it "experimental or investigative" pursuant to the Policy. The Policy defines "experimental or investigative" as follows:

> **Experimental or Investigational** means any evaluation, treatment, therapy, or device which involves the application, administration or use, of procedures, techniques, equipment, supplies, products, remedies, vaccines, biological products, drugs, pharmaceuticals, or chemical compounds if, as determined solely by BCBSF:
>
> 1. Such evaluation, treatment, therapy, or device cannot be lawfully marketed without approval of the United States Food and Drug Administration or the Florida Department of Health and approval for marketing has not, in fact, been given at the time such is furnished to the Insured;
>
> 2. Such evaluation, treatment, therapy, or device is provided pursuant to a written protocol which describes as among its objectives the following: determinations of safety, efficacy, or efficacy in comparison to the standard evaluation, treatment, therapy, or device;
>
> 3. Such evaluation, treatment, therapy, or device is delivered or should be delivered subject to the approval and supervision of an institutional review board or other entity as required and defined by federal regulations;
>
> 4. Reliable evidence shows that the consensus of opinion among experts is that further studies, research, or clinical investigations or necessary to determine: maximum tolerated dosage(s), toxicity, safety, efficacy, or efficacy as compared with the standard means for treatment or diagnosis of the Condition in question;

> 5. Reliable evidence shows that such evaluation, treatment, therapy or device has not been proven safe and effective for treatment of the Condition in question, as evidenced in the most recently published Medical Literature in the United States, Canada, or Great Britain, using generally accepted scientific, medical, or public health methodologies or statistical practices;
>
> 6. There is no consensus among practicing Physicians that the treatment, therapy, or device is safe and effective for the Condition in question; or
>
> 7. Such evaluation, treatment, therapy, or device is not the standard treatment, therapy, or device utilized by practicing Physicians in treating other patients with the same or similar Condition.

17. Mrs. McCullough appealed this decision, and BCBS asked a Family Medicine Hospice & Palliative Care physician to review the file. This physician confirmed BCBS's finding that the LINX procedure was "experimental and investigative" pursuant to the Policy.

18. Mrs. McCullough then sought copies of all records reviewed by this physician to make their determination.

19. BCBS responded to this request by producing a handful of papers, allegedly reviewed by the physician in coming to their decision. The documents are BCBS internal documents stating that the LINX procedure is "experimental and investigative."

20. In other words, BCBS assigned a physician to review Mrs. McCullough's appeal and the only records they reviewed were internal BCBS documents providing the conclusion that the procedure was excluded under the Policy. There is no evidence of independent investigation or of review of any documents which are not self-serving, internal documents.

21. Mrs. McCullough complied with all conditions precedent to bringing this action.

## CLASS REPRESENTATION ALLEGATIONS

22. Mrs. McCullough brings this action on behalf of all those insured by BCBS who were denied coverage of the LINX procedure on the basis that such procedure is "experimental and investigative" (the "Class").

23. Mrs. McCullough reserves the right to amend the Class definition as discovery proceeds.

24. Based upon information and belief, the number of Class members is so numerous that separate joinder of each Class member is impractical.

25. The exact number of Class members is unknown and cannot be known absent Class discovery, but Mrs. McCullough believes the number to be in excess of 40.

26. Mrs. McCullough's claim that she was wrongfully denied the LINX procedure on the basis that the LINX procedure was "experimental and investigative," is the exact same claim as each proposed member of the class.

27. Mrs. McCullough has retained the undersigned attorneys who are experienced in handling class actions and are qualified to adequately protect the interests of the Class.

28. Mrs. McCullough brings this action pursuant to Florida Rule of Civil Procedure 1.220(b)(1), because individual suits by all class members could produce varying and inconsistent results which may establish incompatible guidelines for BCBS.

29. Mrs. McCullough brings this action pursuant to Florida Rule of Civil Procedure 1.220(b)(2), because BCBS's actions are generally applicable to all class members, making relief concerning the class as a whole appropriate.

30. Finally, the question of law and/or fact raised by Mrs. McCullough on behalf of the Class – i.e. whether BCBS wrongfully denies claims for the LINX procedure as being "experimental and investigative" – predominates over any question of law or fact affecting any

individual Class member, such that class representation is a superior method for the fair and efficient adjudication of this controversy, in accordance with Florida Rule of Civil Procedure 1.220(b)(3).

## COUNT I – DECLARATORY RELIEF

31. Mrs. McCullough hereby realleges and incorporates the allegations set forth in paragraphs 1-32, inclusive, as though fully set forth herein.

32. Based upon the LINX system's general acceptance in the medical field, Mrs. McCullough believes the procedure is not "experimental or investigational" as that term is defined under the Policy, attached hereto as Exhibit A.

33. A bona fide, actual, and present controversy exists between Mrs. McCullough, the Class, and BCBS with respect to the Policy and BCBS's obligations and duties to Mrs. McCullough and the Class to cover the LINX system procedure.

34. A declaration pursuant to Chapter 86, Florida Statutes is necessary and appropriate to determine BCBS's duties and obligations in this regard.

35. Accordingly, Mrs. McCullough seeks a judicial declaration that BCBS has a duty to provide benefits to Mrs. McCullough and the Class.

WHEREFORE, Plaintiff Jean McCullough, individually and on behalf of the Class, respectfully requests this Court (i) enter an order certifying that this action is properly maintained under Florida Rule of Civil Procedure 1.220(b)(1),(2), and/or (3); (ii) exercise jurisdiction over this cause and determine the rights, duties, and obligations of the parties under the subject Policy; (iii) enter judgment declaring that BCBS is required to provide coverage and benefits to Mrs. McCullough and the Class; and (iv) enter judgment for costs and attorney fees pursuant to Section 627.428, Florida Statutes.

## COUNT II – BREACH OF CONTRACT

36. Mrs. McCullough hereby realleges and incorporates the allegations set forth in paragraphs 1-32, inclusive, as though fully set forth herein.

37. A valid contract exists, as shown by the Policy attached hereto as Exhibit A.

38. BCBS breached the policy by denying coverage to Mrs. McCullough and the Class for the LINX system procedure, which is a generally accepted, non-experimental, medical practice.

39. Due to BCBS's breach, Mrs. McCullough and the Class suffered injury.

WHEREFORE, Plaintiff Jean McCullough, individually and on behalf of the Class, respectfully requests this Court: (i) enter an order certifying that this action is properly maintained under Florida Rule of Civil Procedure 1.220(b)(1),(2), and/or (3); (ii) exercise jurisdiction over this cause; (iii) enter judgment and award damages associated with BCBS's breach of contract; and (iv) enter judgment for costs and attorney fees pursuant to Section 627.428, Florida Statutes.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues in this matter so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed via the eFiling Portal this 14th day of September 2020 and furnished electronically to: *Counsel for Defendant,* **Timothy J. Conner, Esq.**, Holland & Knight, LLP, 50 North Laura Street, Suite 3900, Jacksonville, Florida, 32202, (timothy.conner@hklaw.com; camille.winn@hklaw.com).

**ORR | COOK**

*/s/ Kathleen H. Crowley*

_____
**Michael Fox Orr, Esquire**
Florida Bar No.: 14594

morr@orrcook.com
nmitchell@orrcook.com
edocket@orrcook.com
**Kathleen H. Crowley, Esquire**
Florida Bar No.: 93587
kcrowley@orrcook.com
50 N. Laura St., Ste. 1675
Jacksonville, Florida 32202
Telephone: (904) 358-8300
Facsimile: (904) 358-8303
*Attorneys for Plaintiff*